146 F.3d 1064
 1998-1 Trade Cases P 72,183, 98 Cal. Daily
Op. Serv. 4675,
98 Daily Journal D.A.R. 6631
Alan R. MULARKEY; Lynn M. Mularkey, husband and wife,
Plaintiffs-Appellants,
and
Frank Massoni; Tom Schneider; Charles E. Lee, current
Holsum distributor, Intervenors,
v.
HOLSUM BAKERY, INC., Arizona Corporation; Edward Eisele,
President & Director of Holsum Bakery, Inc.,
Defendants-Appellees.
 No. 97-16080.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 13, 1998.
Decided June 18, 1998.
 
 Michael J. LaVelle, Kimerer & LaVelle, Phoenix, Arizona, for the plaintiffs-appellants.
 John J. Bouma, Snell & Wilmer, Phoenix, Arizona, for the defendants-appellees.
 Appeal from the United States District Court for the District of Arizona; Roger G. Strand, District Judge, Presiding. D.C. No. CV-87-00780-RGS.
 Before LAY,* KOZINSKI and T.G. NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alan and Lynn Mularkey, former distributors of bread products manufactured by the defendant, Holsum Bakery ("Holsum"), appeal the district court's partial summary judgment dismissing their claims under the Sherman Antitrust Act, 15 U.S.C. § 1. The Mularkeys allege Holsum and its president, Ed Eisele, conspired to set resale prices, and that the Mularkeys were terminated for violating this policy. We affirm.
 
 
 2
 Section 1 of the Sherman Act prohibits "[e]very contract, combination .... or conspiracy, in restraint of trade or commerce...." In a § 1 case involving distributor termination, there must be evidence of a " 'contract, combination ... or conspiracy' between the manufacturer and other distributors " to fix prices. Monsanto Co. v. Spray-Rite Serv. Corp., 465 U.S. 752, 761, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984) (emphasis added). A plaintiff is required to present evidence "that tends to exclude the possibility that the manufacturer and nonterminated distributors were acting independently." Id. at 764, 104 S.Ct. 1464. This means more than showing the distributor acquiesced to the suggested price. It means as well that evidence must establish that (1) the distributor communicated its acquiescence or agreement, and (2) this was sought by the manufacturer. See id. at 764 n. 9, 104 S.Ct. 1464.
 
 
 3
 Under the Monsanto standard, we find the plaintiffs have failed to present any evidence of a conspiracy between Holsum and its non-terminated distributors. The Mularkeys argue that they have evidence that "Holsum dictated prices to its distributors," and "threatened them if the prices were not followed." Even if true, this allegation points only to unilateral conduct, which is not prohibited by § 1. See Monsanto Co., 465 U.S. at 761, 104 S.Ct. 1464; Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 767-68, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984).
 
 
 4
 Additionally, plaintiffs argue that Holsum violated § 1 by negotiating with 7-Eleven convenience stores a chain-wide price list, which would govern unless an individual distributor reached a different agreement with an outlet in his or her territory. The Mularkeys contend that this constitutes "price fixing" between Holsum and its customers, and therefore violates § 1.
 
 
 5
 Courts have long recognized the illegality of vertical agreements under which manufacturers or suppliers set minimum resale prices to be charged by their distributors. See, e.g., Dr. Miles Medical Co. v. John D. Park & Sons Co., 220 U.S. 373, 31 S.Ct. 376, 55 L.Ed. 502 (1911). However, the plaintiffs' allegation that Holsum negotiated a price with one of its retailers, the 7-Eleven stores, is something completely different. This arrangement does not constitute a vertical price agreement; it merely involves a contractual relationship between a manufacturer and one of its customers regarding the price of the manufacturer's product.
 
 
 6
 In other words, § 1 only prohibits contracts, combinations, or conspiracies, in restraint of trade. An agreement between Holsum and 7-Eleven as to the sales price of Holsum's product does not implicate § 1, because there is no restraint of trade resulting from the agreement.
 
 
 7
 Even assuming such an agreement did somehow result in a restraint of trade, we find that, under a rule of reason analysis, such a restraint was entirely reasonable.[1] The evidence presented shows that the chain-wide price list negotiated between Holsum and 7-Eleven would apply, unless an individual distributor reached a different agreement with an outlet in his or her territory. See Fanelli Aff., ER Tab 3B at 33-34. The nature and effect of the agreement therefore did little, if anything, to restrict the actions of Holsum's distributors.
 
 
 8
 For the reasons stated above, the judgment of the district court granting partial summary judgment dismissing the plaintiffs' antitrust claims is AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 In November 1997, the Supreme Court overruled earlier cases and held that vertical maximum price fixing is not a per se violation of § 1 of the Sherman Act, but instead should be evaluated for anti-competitive effects under a rule of reason analysis. See State Oil Co. v. Khan, --- U.S. ----, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997)